**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Case No.: 08-20458-CIV-HUCK/SIMONTON**

**ADRIANA PARAMO and ABRAHAM CASALLAS,**

**PLAINTIFF(S),**

**vs.**

**IMICO BRICKELL, LLC,**
**a Delaware limited liability company,**
**FORTUNE DEVELOPMENT CORP.,**
**a Florida corporation,**
**FORTUNE DEVELOPMENT SALES CORPORATION, a Florida corporation**
**GARY BARNETT, MARC KWESTEL,**
**EDGARDO DEFORTUNA, MOSHE SPITZER,**
**and HENRY TERECH,**

**DEFENDANT(S).**
______________________________________/

**SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

**JURISDICTION, VENUE, AND PARTIES**

Plaintiff, ADRIANA PARAMO AND ABRAHAM CASALLAS (hereinafter maybe referred to as "Buyers") sues Defendants, IMICO BRICKELL, LLC, A DELAWARE LIMITED LIABILITY COMPANY, (hereinafter maybe referred to as "Developer"), FORTUNE DEVELOPMENT CORPORATION, A FLORIDA CORPORATION, (hereinafter maybe referred to as "Fortune Development"), FORTUNE DEVELOPMENT SALES CORPORATION, A FLORIDA CORPORATION, (hereinafter maybe referred to as "Fortune"),GARY BARNETT, MARC KWESTEL, EDGARDO DEFORTUNA, MOSHE SPITZER, and HENRY TERECH, and states:

1. This is an action arising under the Interstate Land Sales Full Disclosure Act, 15 U.S.C. §1701et seq., (hereinafter maybe referred to "ILSFDA") as well as pendent state court claims. Jurisdiction is appropriate pursuant to 28 U.S.C. §1331.

2. Plaintiff, Adriana Paramo, is over 18 years of age residing in Broward County, Florida and is otherwise sui juris thereof.



**Jonathan Kline, P.A. ● Attorney at Law**
**2761 Executive Park Drive ● Weston, Florida 33331 ● TEL (954) 659-1919 ● FAX (954) 659-9937**

3. Plaintiff, Abraham Casallas, is over 18 years of age residing in Bogota, Columbia and is otherwise sui juris thereof.

4. Defendant, IMICO BRICKELL, LLC, a Delaware limited liability company (hereinafter may be referred to as "IMICO" or "Developer") is a Foreign limited liability company with its principal place of business in New York, New York doing business in Miami-Dade County Florida.

5. Defendant, FORTUNE DEVELOPMENT CORPORATION, a Florida corporation (hereinafter may be referred to as "FORTUNE DEVELOPMENT" or "Developer") is an agent with its principal place of business in Miami, Florida doing business in Miami-Dade County Florida.

6. Defendant, FORTUNE DEVELOPMENT SALES CORPORATION, a Florida corporation (hereinafter may be referred to as "FORTUNE" or "Agent") is an agent with its principal place of business in Miami, Florida doing business in Miami-Dade County Florida.

7. Defendant, Gary Barnett, (hereinafter maybe referred to as "Barnett") is an individual over 18 years of age who upon information resides in the state of New York and is otherwise sui juris thereof.

8. Defendant, Marc Kwestel (hereinafter maybe referred to as "Kwestel") is an individual over 18 years of age who upon information resides in the state of New York and is otherwise sui juris thereof.

9. Defendant, Edgardo Defortura, (hereinafter maybe referred to as "Defortura" or "Agent") is an individual over 18 years of age who upon information resides in Miami-Dade County, Florida and is otherwise sui juris thereof.



**Jonathan Kline, P.A. ● Attorney at Law**
**2761 Executive Park Drive ● Weston, Florida 33331 ● TEL (954) 659-1919 ● FAX (954) 659-9937**

10. Defendant, Moshe Spitzer (hereinafter maybe referred to as "Spitzer") is an individual over 18 years of age who upon information resides in London, United Kingdom and is otherwise sui juris thereof.

11. Defendant, Henry Terech (hereinafter maybe referred to as "Terech") is an individual over 18 years of age who upon information resides in State of Massachusetts and is otherwise sui juris thereof.

12. This cause of action accrued in Miami-Dade County, Florida, pursuant to Florida Statute §47.051, and the Defendant, Sellers', are legal entities subject to jurisdiction in Miami-Dade County, Florida.

13. The real property which is the subject matter of this litigation is located in Miami-Dade County, Florida as set forth in Florida Statute §47.051 and Defendants maintain an office in Miami-Dade County, Florida where it transacts its customary business.

14. The matter in controversy exceeds, exclusive of interest and cost, the sum specified by 28 U.S.C. §1332.

15. Paragraph 13 of the Condominium Sale and Purchase Agreement specifically states that, "venue for any action, litigation or proceeding arising out of concerning this Agreement shall be in Miami-Dade County, Florida…."

## GENERAL ALLEGATIONS

16. Defendant, IMICO BRICKELL, LLC, a Delaware limited liability company, is a developer as defined by 15 U.S.C. §1701(5) of the Interstate Land Sales Full Disclosure Act.

17. Defendant FORTUNE DEVELOPMENT CORPORATION, is an agent as defined by 15 U.S.C. §1701(6) of the Interstate Land Sales Full Disclosure Act.



**Jonathan Kline, P.A. ● Attorney at Law**
**2761 Executive Park Drive ● Weston, Florida 33331 ● TEL (954) 659-1919 ● FAX (954) 659-9937**

18. Defendant FORTUNE DEVELOPMENT SALES CORPORATION, is an agent as defined by 15 U.S.C. §1701(6) of the Interstate Land Sales Full Disclosure Act.

19. Defendant, IMICO BRICKELL, LLC, a Delaware limited liability company, is the developer of "Avenue" now known as "1060 Brickell", a Condominium, where the Unit is located.

20. Defendants, Gary Barnett, Marc Kwestel, Moshe Spitzer and Henry Terech are the principal owners, officers, directors, members, or managers of the entities or entity compromising the Developers. The Defendant's described in this paragraph maybe referred to collectively as "Individuals(s)". The Individuals directly or indirectly sold Units in 1060 Brickell, a Condominium.

21. On or about February 25, 2005, Adriana Paramo, executed a contract (see Exhibit "1") for the purchase and sale of real property bearing the following legal description (hereinafter the "Unit(s)"):

> Unit 1215, of 1060 BRICKELL, A CONDOMINIUM, according to the Declaration of Condominium thereof, as recorded January 11, 2008, in Official Records Book 26157, at Page 942, of the Public Records of Miami-Dade County, Florida, as amended and or supplemented from time to time, together with an undivided interest in the common elements appurtenant thereto.

22. On or about March 16, 2005, Abraham Casallas and Adriana Paramo, executed a contract (see Exhibit "2") for the purchase and sale of real property bearing the following legal description (hereinafter the "Unit(s)"):

> Unit 2803, of 1060 BRICKELL, A CONDOMINIUM, according to the Declaration of Condominium thereof, as recorded January 11, 2008, in Official Records Book 26157, at Page 942, of the Public Records of Miami-Dade County, Florida, as amended and or supplemented from time to time, together with an undivided interest in the common elements appurtenant thereto.



**Jonathan Kline, P.A. ● Attorney at Law**
**2761 Executive Park Drive ● Weston, Florida 33331 ● TEL (954) 659-1919 ● FAX (954) 659-9937**

23. The Unit's legal description only partially describes the interest purchased by the Plaintiffs.

24. The Plaintiffs also purchased an undivided interest in the common elements of the condominium. The common elements of the condominium are situated within the following legal description attached as Exhibit "3".

25. The Developer described in the sale and purchase agreement attached as Exhibits 1 and 2 are "developer(s)" as defined by 15 U.S.C. §1701(5) of Interstate Land Sales Full Disclosure Act.

26. The Unit and Condominium as described in the sale and purchase agreement fall under and are inclusive in the definition of a "subdivision" as set forth in 15 U.S.C. §1701(3).

27. The Developer described in the sale and purchase agreement attached as Exhibits 1 and 2 are "Developer(s)" as defined by Florida Statute §718.103(16).

28. The Buyer(s) described in the sale and purchase agreement attached as Exhibits 1 and 2 are "purchaser(s)" as defined by 15 U.S.C. §1701(10) of Interstate Land Sales Full Disclosure Act.

29. The Buyer(s) described in the sale and purchase agreement attached as Exhibits 1 and 2 are "buyer(s)" as defined by Florida Statute §718.103(5).

30. The Unit described in the sale and purchase agreement attached as Exhibits 1 and 2 are "unit(s)" as defined by Florida Statute §718.103(27).

31. The Declaration or Declaration of Condominium as set forth in the sale and purchase agreement attached as Exhibits 1 and 2 is a "declaration" or a "declaration of condominium" as defined by Florida Statute §718.103(15).



**Jonathan Kline, P.A. ● Attorney at Law**
**2761 Executive Park Drive ● Weston, Florida 33331 ● TEL (954) 659-1919 ● FAX (954) 659-9937**

32. The Unit(s) described in the sale and purchase agreements attached as Exhibits 1 and 2 are part of a "residential condominium" as defined by Florida Statute §718.103(23).

33. The Unit(s) described in the sale and purchase agreements attached as Exhibits 1 and 2 are intended to be conveyed as real property by the Developer in a real property interest consistent with a "condominium" as defined under Florida Statute §718.103(11).

34. The condominium units described in the sale and purchase agreement attached as Exhibits 1 and 2 are "condominium parcel(s)" as defined under Florida Statute §718.103(12).

35. The condominium units described in the sale and purchase agreements attached as Exhibits 1 and 2 are within the meaning of "condominium property" as defined under Florida Statute §718.103(13).

36. In connection with the sale and purchase agreement attached as Exhibit "1", the Plaintiff, Buyers, Adriana Paramo made total deposits with the Developer's escrow agent of $41,200.00 representing twenty percent (20%) of the contract price.

37. In connection with the sale and purchase agreement attached as Exhibit "2", the Plaintiff, Buyers, Abraham Casallas and Adriana Paramo made total deposits with the Developer's escrow agent of $74,000.00 representing twenty percent (20%) of the contract price.

38. The undersigned law firm has been retained by the Plaintiffs to represent them in this action and the Plaintiffs have agreed to pay the undersigned law firm a reasonable fee for its services and to reimburse the undersigned law firm for all costs advanced in connection with this action.

39. All conditions precedent to the filing of litigation in this matter have been met by the Plaintiffs or have been waived.



**Jonathan Kline, P.A. ● Attorney at Law**
**2761 Executive Park Drive ● Weston, Florida 33331 ● TEL (954) 659-1919 ● FAX (954) 659-9937**

**COUNT I**
**VIOLATION OF 15 U.S.C. §1701 et seq. OF THE INTERSTATE LAND SALES FULL DISCLOSURE ACT (ILSFDA)**

The Plaintiffs, reaffirm and re-allege paragraphs 1-39 as set forth above.

40. Plaintiffs are Purchasers as defined by 15 U.S.C. §1701(10) of the Interstate Land Sales Full Disclosure Act.

41. Pursuant to 15 U.S.C. §1703 of the Interstate Land Sales Full Disclosure Act, a Developer is prohibited from making use of any means of instruments of transportation or communications and interstate commerce, or the mails in connection with the sale of any real property unless a printed property report meeting the requirements of 15 U.S.C. §1703 through 15 U.S.C. §1709 and 24 CFR §1710.100 through 24 CFR §1715.50 is furnished to a purchaser in advance of the signing of the contract or agreement for sale by the purchaser.

42. Pursuant to 15 U.S.C. §1702(a)(2), the preparations of the ILSFDA do not apply to the sale or lease of any improved land on which there is a residential, commercial, condominium, or industrial building, or the sale or lease of land under a contract obligating the seller or lessor to erect such building thereon within a period of two years.

43. Developer did not furnish a Property Report in compliance of 15 U.S.C. §1703 through 15 U.S.C. §1709 and 24 CFR §1710.100 through 24 CFR §1715.50 and instead elected to execute a contract with the Plaintiffs obligating the Developer to build the condominium within a two year period pursuant to 15 U.S.C. §1702(a)(2).

44. The "ILSDFA" is intended to protect the public and, pursuant to the Florida Supreme Court, it should be liberally construed in favor of the public[1].

[1] The Supreme Court of Florida in _Samara Development Corp. v. Marlow_, 556 So.2d 1097, 1100 (1990), stated, "We note that the Interstate Land Sales Full Disclosure Act was intended to protect the public, and as such should be liberally construed in favor of the public".



**Jonathan Kline, P.A. ● Attorney at Law**
**2761 Executive Park Drive ● Weston, Florida 33331 ● TEL (954) 659-1919 ● FAX (954) 659-9937**

45. Pursuant to 15 U.S.C. §1702(a)(2), the Developer was obligated to complete the condominium within two (2) years from the date the Plaintiffs signed their contracts.

46. The Developer failed to complete the construction of the Unit prior to the expiration of a two (2) year period following the date in which the Plaintiffs signed their contracts.

WHEREFORE, Plaintiffs respectfully request the following relief:

a. a judgment requiring the Developer and Individuals to return their earnest money deposit and interest, court costs, reasonable amounts for attorneys' fees, independent appraisers' fees, and travel to and from the lot, under the terms and conditions of the contract and 15 U.S.C. §1709(c);

b. rescission of the contracts attached as Exhibits 1 and 2 and that their duties and or obligations be discharged under the terms and conditions of their contract and any addenda thereof, against the Developer and Individuals; and

c. such other relief as this Court deems proper.

**COUNT II**
**THE DEVELOPER'S OBLIGATION TO COMPLETE CONSTRUCTION WITHIN A TWO YEAR PERIOD WAS ILLUSORY AND OR THE DEVELOPER FAILED TO PROVIDE AN UNCONDITIONAL COMITTMENT TO DELIVER WITHIN TWO (2) YEARS**

The Plaintiffs, reaffirm and re-allege paragraphs 1-46 as set forth above.

47. The Developer attempted to exempt themselves from the ILSFDA under 15 U.S.C. §1702(a)(2) by obligating themselves to erect a building and complete construction within 2 years from the date the Plaintiffs signed the contract for purchase and sale.

48. The Developer obligation to the Plaintiffs the complete construction within two years is illusory and or conditional based on paragraphs 49 through 53 below.



**Jonathan Kline, P.A. ● Attorney at Law**
**2761 Executive Park Drive ● Weston, Florida 33331 ● TEL (954) 659-1919 ● FAX (954) 659-9937**

49. Paragraph 28 of the contract for purchase and sale provides a way and or method for the Seller to cancel the agreement for construction:

> Pre-Sale Contingency, Completion Date and Closing Date: Not withstanding the foregoing and any other contrary provision of this Agreement, Seller shall have the right, in Seller's sole discretion, to cancel this Agreement and cause Purchaser's deposits to be refunded in the event that Seller does not procuring qualified purchase contracts with a minimum aggregate gross sales price as required by any loan agreement Developer may have with its lender.

50. Paragraph 8 of the contract of purchase and sale provides further restrictions upon the Purchaser which limits its remedies at law and or equity. Paragraph 8(e) states:

> Seller's Default. If Seller defaults in the performance of this Contract, Purchaser shall give Seller written notice of such default, and if Seller, within twenty (20) days from receipt of such notice shall fail to take action would cure the default within a reasonable period of time, and if Purchaser has performed all of his obligations hereunder, then Purchaser shall be entitled all remedies under the law, except consequential damages or special damages.

51. Paragraph 15 of the contract for purchase and sale provides further conditions on the completion and closing date. Paragraph 15 states:

> Construction By Seller. Purchaser fully understands and is aware that Seller anticipates that the building will be completed within the estimated completion dates set forth in the Contract, but cannot provide a fixed date for occupancy, by reason of factors influencing the rate of completion such as, but not Limited to, Acts of God, strikes, war, availability of material, order of a court of competent Jurisdiction and the Like. Accordingly, this transaction shall be closed at such time as a Temporary Certificate of Occupancy has been issued, upon notification of Purchaser by Seller, at a time, date and place as specified in such notice, which date shall be not less than fifteen (15) days from the date of such notice.

52. Paragraph 6 of the contract for purchase and sale provides further conditions on the completion and closing date. Paragraph 6(b) states:

> Time of Closing. This transaction shall close subsequent to Seller's obtaining the temporary Certificate of Occupancy from the proper Governmental agency responsible for issuing said Certificate on the floor



**Jonathan Kline, P.A. ● Attorney at Law**
**2761 Executive Park Drive ● Weston, Florida 33331 ● TEL (954) 659-1919 ● FAX (954) 659-9937**

> in the building in which the Unit is situated. Seller shall give fifteen (15) days written notice of the closing date to Purchaser at Purchaser's address as same appears on the signature page hereof. Issuance of said Certificate for the Condominium shall constitute conclusive evidence of substantial completion of the Unit, as provided in this Contract. The fact the there may be minor items to be corrected or completed shall not delay nor postpone the Closing nor require the holding of any portion of the purchase price in escrow until the completion thereof. In the event the closing is delayed for any reason (except for delay desired, requested or caused by Seller), and Seller elects, at Seller's sole discretion, to reschedule the closing, Purchaser agrees to pay at closing a late funding charge equal to interest, at the then highest applicable lawful rate, on the portion of the purchase price that would have been paid to Seller or to Seller's order (including any mortgage payoffs) if the transaction contemplated herein had been timely consummated as originally scheduled by Seller, from the date Seller originally scheduled closing to the date of actual closing or, at Seller's option, Seller may impose a late charge equal to Fifty and No/100 ($50.00) Dollars to cover administrative and other expenses for each day Seller agrees to postpone the closing. All pro-rations will be made as of the originally scheduled date. Purchaser understands that Seller is not required to reschedule or to permit a delay in closing.

53. Paragraph 29 of the contract for purchase and sale provides further conditions on the completion and closing date. Paragraph 29 states:

> <u>Florida Law; Severability; Interstate Land Sales.</u> Any disputes that develop under this Agreement will be settled according to Florida law. If any part of this Agreement violates a provision of applicable law, the applicable law will control. In such case, however, the rest of the Agreement (not in violation) will remain in force.
>
> Without limiting the generality of the foregoing, it is Purchaser's and Seller's mutual desire and intention that all provisions of this Agreement be given full effect and be enforceable strictly in accordance with their terms. If however, any part of this Agreement is not enforceable in accordance with its terms or would render other parts of this Agreement or this Agreement, in its entirety, unenforceable, the unenforceable part of parts are to judicially modified, if at all possible, to come as close as possible to the expressed intent of such part or parts (and still be enforceable without jeopardy to other parts of this Agreement, or this Agreement in its entirety), and then are to be enforced as so modified. If the unenforceable part or parts cannot be so modified, such part or parts will be unenforceable and considered null and void in order that the mutual paramount goal (that this Agreement is to be enforced to the



**Jonathan Kline, P.A. ● Attorney at Law**
**2761 Executive Park Drive ● Weston, Florida 33331 ● TEL (954) 659-1919 ● FAX (954) 659-9937**

> maximum extent possible strictly in accordance with its terms) can be achieved.
>
> Without limiting the generality of the foregoing, if the mere inclusion in this Agreement of language granting to Seller certain rights and powers, or waiving or limiting any of Purchaser's rights or powers or Seller's obligations (which otherwise would be applicable in the absence of such language), results in a final conclusion (after giving effect to the above judicial modification, if possible) that Purchaser has the right to cancel this Agreement and receive a refund of his deposits, such offending rights, powers, limitations and/or waivers shall be struck, canceled rendered unenforceable, ineffective and null and void. Under no circumstances shall either Purchaser or Seller have the right to cancel this Agreement solely by reason of the inclusion of certain language in this Agreement (other than language which is intended specifically to create such a cancellation right).
>
> The following sentence will supersede and take precedence over anything else in this agreement which is in conflict with it: If any provisions serve to: (1) limit or qualify Seller's substantial completion obligations as stated in paragraph 28, or (2) limit Purchaser's remedies in the event that such obligations are breached, or (3) grant Seller an impermissible grace period, and such limitations or qualifications are not permitted if the exemption of this sale from the Interstate Land Sales Full Disclosure Act pursuant to 15 U.S.C.§1702(a)(2) is to apply or this Agreement is to otherwise be fully enforceable, then all those provisions are hereby stricken and made null and void as if never a part of this Agreement.

54. Paragraphs 48 through 53 which quote Exhibits 1 and 2 verbatim do not place an unconditional commitment upon the Developer to complete construction within two years and said language renders the contract illusory.

55. Because of the foregoing the Developer is not exempt from ILSFDA and must comply with all its provisions and regulations.

56. Due to the fact that the Developer is not exempt from the ILSFDA a Property Report must be furnished to the Buyers in accordance with 15 U.S.C. §1703(a)(1)(B).



**Jonathan Kline, P.A. ● Attorney at Law**
**2761 Executive Park Drive ● Weston, Florida 33331 ● TEL (954) 659-1919 ● FAX (954) 659-9937**

57. Due to the fact that the Developer is not exempt from the ILSFDA a statement of "Record" must be registered in accordance with 15 U.S.C. §1704 through §1707, 24 CFR §1710.100 through 24 CFR §1715.50, and 24 CFR Ch. X, and 15 U.S.C. §1703(a).

58. The Property Report must adhere to the standards and regulations promulgated under 15 U.S.C. §1704 through §1707, 24 CFR §1710.100 through 24 CFR §1715.50 and 24 CFR Ch. X, and 15 U.S.C. §1703(a).

59. The Record and Property Report are deficient and fail to adhere to the standards and regulations promulgated under 15 U.S.C. §1704 through §1707, 24 CFR §1710.100 through 24 CFR §1715.50, and 24 CFR Ch. X and 15 U.S.C. §1703(a).

60. Specifically the Property Report is deficient under ILSFDA as set forth in Count III of this Complaint and the Plaintiff alleges reaffirms all paragraphs of Count III as fully set forth herein.

WHEREFORE, Plaintiffs respectfully request the following relief:

a. a judgment requiring the Defendants to return their earnest money deposit and interest, court costs, reasonable amounts for attorneys' fees, independent appraisers' fees, and travel to and from the lot, under the terms and conditions of the contract and 15 U.S.C. §1709(c) against the Developer;

b. rescission of the contracts attached as Exhibits 1and 2 and that their duties and or obligations be discharged under the terms and conditions of their contract and any addenda thereof; and

c. such other relief as this Court deems proper.



**Jonathan Kline, P.A. ● Attorney at Law**
**2761 Executive Park Drive ● Weston, Florida 33331 ● TEL (954) 659-1919 ● FAX (954) 659-9937**

**COUNT III**
**PROPERTY REPORT DOES NOT ADHERE TO REGULATIONS UNDER ILSFDA**

The Plaintiffs, reaffirm and re-allege paragraphs 1-39 as set forth above.

61. The Developer delivered a Property Report which contained an untrue statement of material fact or omitted to state material fact required to be stated pursuant to 24 CFR §1710.216(b) regarding the price range of Units (lots) in this subdivision as well as other provisions under 24 CFR §1710.216, and 24 CFR §1710.116(d)(2) and (3).

62. The Developer did not adhere to the provisions under 24 CFR §1710.117(a) in that the Plaintiffs were not provided a cost sheet.

63. 15 USC §1703(a)(1) states:

It is unlawful for any developer or agent, directly or indirectly, to make use of any means or instrument of transportation or communication in interstate commerce, or of the mails—

(1) With respect to the sale or lease of any lot not exempt under section 1702 of this title—

(A) to sell or lease ant lot unless a statement of record with respect to such lot is in effect in accordance with section 1706 of this title;
(B) to sell or lease any lot unless a printed property report, meeting the requirements of section 1707 of this title, has been furnished to the purchaser or lessee in advance of the signing of any contract or agreement by such purchaser or lessee;
(C) to sell or lease any lot where any part of the statement of record or the property report contained an untrue statement of a material fact or omitted to state a material fact required to be stated therein pursuant to sections 1704 through 1707 of this title or any regulations thereunder; or
(D) to display or deliver to prospective purchasers or lessees advertising and promotional material which is inconsistent with information required to be disclosed in the property report….


Jonathan Kline, P.A. ● Attorney at Law
2761 Executive Park Drive ● Weston, Florida 33331 ● TEL (954) 659-1919 ● FAX (954) 659-9937

64. 15 U.S.C. §1703(a)(2)(B) states:

> (B) to obtain money or property by means of any untrue statement of a material fact, or any omission to state a material fact necessary in order to make the statements made (in light of the circumstances in which they were made and within the context of the overall offer and sale or lease) not misleading, with respect to any information pertinent to the lot or subdivision;

65. The Developer used the Property Report to make statements which were known by the Developer to be untrue. Specifically, the Developer failed to properly disclose what the pricing was for Units being sold in the Condominium. As the Developer raised prices either on Developer owned units or units designated as candidates under their resale program they failed to disclose that certain Unit's prices were extremely elevated.

66. The Developer was required to amend their Property Report to reflect new Unit prices, however, they failed to do so.

67. The Developer induced the Plaintiffs to sign their contracts by improperly representing the exact range of pricing as required by ILSFDA.

68. The Developer failed to make a statement of the general terms and conditions, including the range of selling prices at which it proposed to dispose of the lots in this subdivision as per 15 U.S.C. §1705(4).

69. The Developer failed to include copies of all forms of conveyance to be used in the selling of the units to purchasers under 15 U.S.C. §1705(9).

70. The Developer or its agents engage in misleading sales practices by engaging in conduct or advertising to induce the Plaintiffs to buy their Units in violation of 24 CFR §1715.10.

71. The Developer or its agents gave the Property Report to the purchasers along with other materials done in such a manner so as to conceal the Property Report from the Plaintiffs in violation of 24 CFR 1715.20(a).



**Jonathan Kline, P.A. ● Attorney at Law**
**2761 Executive Park Drive ● Weston, Florida 33331 ● TEL (954) 659-1919 ● FAX (954) 659-9937**

72. The Developer or its agents gave the contract for purchase and sale to the Plaintiffs or encouraged Plaintiffs to sign other documents before delivery of the Property Report in violation of 24 CFR 1715.10(b).

73. The Developer or its agents made representations or engaged in misleading sales practices that implied that the Developer will deliver the Unit by July 1, 2007, with the intention or knowledge that delivery was impossible by that date in violation of 24 CFR 1715.25.

74. The Developer or its agents made representations that implied that the Developer will resell the Units without actually having an ongoing program for doing so in violation of 24 CFR 1715.25(o).

75. The Developer failed to include in the statement of record such other information and such other documents and certifications as the Secretary may require as being reasonably necessary or appropriate for the protection of purchasers pursuant to 15 U.S.C. §1705(12).

76. The Plaintiffs relied on the untrue statements of the Developer.

WHEREFORE, Plaintiffs respectfully request the following relief:

a. a judgment requiring the Developer and Individuals to return their earnest money deposit and interest, court costs, reasonable amounts for attorneys' fees, independent appraisers' fees, and travel to and from the lot, under the terms and conditions of the contract and 15 U.S.C. §1709(c);

b. rescission of the contracts attached as Exhibits 1 and 2 and that their duties and or obligations be discharged under the terms and conditions of their contract and any addenda thereof, against the Developer and Individuals; and

c. such other relief as this Court deems proper.



**Jonathan Kline, P.A. ● Attorney at Law**
**2761 Executive Park Drive ● Weston, Florida 33331 ● TEL (954) 659-1919 ● FAX (954) 659-9937**

**COUNT IV**
**VIOLATION OF FLORIDA STATUTE §501.201 et seq.,**
**FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT**

The Plaintiff, reaffirms and re-alleges paragraphs 1-76 as set forth above.

77. Florida Statute §501.202 of the Florida Deceptive and Unfair Trade Practices Act reads as follows:

> 501.202 Purposes; rules of construction. -- The provisions of this part shall be construed liberally to promote the following polices:
>
> 1. To simplify, clarify, and modernize the law governing consumer protection, unfair methods of competition, and unconscionable, deceptive, and unfair trade practices.
>
> 2. To protect the consuming public and legitimate business enterprises from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce.
>
> 3. To make state consumer protection and enforcement consistent with established polices of federal law relating to consumer protection.

78. The Plaintiff is defined as a "consumer" under Florida Statute §501.203(7).

79. The Plaintiff delivered "a thing of value" to the Developer as defined by Florida Statute §501.203(9).

80. The Plaintiff is an "interested party or person" as defined by Florida Statute §501.203(6).

81. That the Developer engaged in unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in making false and misleading statements regarding the property report, pricing and all violations of the ILSFDA as set forth in this complaint and as specifically outlined in Count I through IV above and for violating Florida law



Jonathan Kline, P.A. ● Attorney at Law
2761 Executive Park Drive ● Weston, Florida 33331 ● TEL (954) 659-1919 ● FAX (954) 659-9937

as set forth and pled throughout this complaint and or the Federal Trade Commission Act, 15 U.S.C. §45(a)(1).

82. That the Developer published false information as set forth in this complaint.

83. Section 501.202(2) of the Florida Statutes establishes the policy of "protect(ing) the consuming public and legitimate business enterprises from those who engage in unfair methods of competition, unconscionable, deceptive or unfair trade acts or practices in the conduct of any trade or commerce."

84. Section 501.204(1), of the Florida Statutes, provide that "unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce is hereby declared unlawful."

85. At all times material hereto the Developer and or Defendants engaged in "trade or commerce" as defined by Section 501.203(8), of the Florida Statutes.

86. By undertaking the activities as set forth in this count, the Defendants have committed acts or practices in trade or commerce which offend established public policy and are immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers, or that cause or likely to cause consumer injury which is substantial, not be outweighed by any countervailing benefits to consumers or competition that the acts or practices produced, and not an injury that consumer themselves could have reasonably avoided. Thus, the Defendants have engaged in unfair acts or practices within the meaning of Section 501.204(1), of the Florida Statutes.

87. By undertaking the activities as set forth in this Count, and Counts I , II, III, VI, VII, and Count XII as set forth herein, the Defendants engaged in representations, acts, practices or omissions which are material and likely to mislead, and in fact did mislead, consumers acting



**Jonathan Kline, P.A. ● Attorney at Law**
**2761 Executive Park Drive ● Weston, Florida 33331 ● TEL (954) 659-1919 ● FAX (954) 659-9937**

reasonably under the circumstances. Thus, Defendants and or Developer has engaged in deceptive acts or practices in violation Section 501.204(1) of the Florida Statutes.

88. By undertaking the activities as described in this count, the Defendants have engaged in unconscionable acts or practices in trade or commerce, in violation of Section 501.204(1) of the Florida Statutes.

89. The Defendant's acts and practices alleged herein have and continue to injure and prejudice consumers.

90. Florida Statute §501.204(1) reads as follows:

> Unlawful acts and practices.—
>
> (1) Unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby unlawful.

91. All individuals who have been named as Defendants in this suit were the principals of the Developer who facilitated, participated, organized, and approved of all acts that are considered unlawful under this Count.

92. The ILSFDA generally proscribes certain unfair and deceptive trade practices and thus a violation of the ILSFDA is a violation of the FDUTPA.

WHEREFORE, Plaintiff respectfully requests the following relief:

a. a judgment requiring the Developer and Individuals to return their earnest money deposit and interest, court costs, reasonable amounts for attorneys' fees and costs under the terms and conditions of the contract, Florida Statute §501.211(2), attorneys' fees under Florida Statute §501.2105, and Florida Statute §57.105;



**Jonathan Kline, P.A. ● Attorney at Law**
**2761 Executive Park Drive ● Weston, Florida 33331 ● TEL (954) 659-1919 ● FAX (954) 659-9937**

b. rescission of the contract attached as Exhibits 1 and 2 and that their duties and or obligations be discharged under the terms and conditions of their contract and any addenda thereof, and

c. such other relief as this Court deems proper.

**COUNT V**
**BREACH OF CONTRACT**

The Plaintiffs, reaffirm and re-allege paragraphs 1-39 as set forth above.

93. Seller disclosed pursuant to paragraph 28 of the contract for purchase and sale that the Unit would be "substantially complete" by July 1, 2007.

94. The Buyers relied on the seller's statements pursuant to paragraph 28 of the contract for purchase and sale as an inducement for entering into and executing the contracts attached as Exhibits 1 and 2 and that this statement was material to the terms and conditions of the contracts.

95. Said completion date of July 1, 2007, was a material term and or condition to the contract.

96. The Seller failed to deliver by July 1, 2007 and as a result thereof the Buyers have been damaged by the Seller's delay.

97. Pursuant to paragraph 21 of the contract for the purchase of sale, time is of the essence of this contract.

WHEREFORE, Plaintiffs respectfully request the following relief:

a. a judgment requiring the Developer to return their earnest money deposit and interest, court costs, reasonable amounts for attorneys' fees and costs under the terms and conditions of the contract and Florida Statute §57.105 against the Developer;



**Jonathan Kline, P.A. ● Attorney at Law**
**2761 Executive Park Drive ● Weston, Florida 33331 ● TEL (954) 659-1919 ● FAX (954) 659-9937**

b. rescission of the contracts attached as Exhibits 1 and 2 and that their duties and or obligations be discharged under the terms and conditions of their contract and any addenda thereof; and

c. such other relief as this Court deems proper.

**COUNT VI**
**VIOLATION OF FLORIDA STATUTE §718.506 FOR THE PUBLICATION OF FALSE AND MISLEADING INFORMATION**

The Plaintiffs, reaffirm and re-allege paragraphs 1-39 as set forth above.

98. The Plaintiffs reasonably relied upon material statements or information that were false or misleading and were published by or under the authority from the Developer in advertising and or promotional materials, the property report, the record, a prospectus under Florida Statute §718.504, the items required as exhibits to the prospectus, brochures, and or newspaper advertising.

99. The Plaintiffs were damaged when they paid value toward the purchase of the Units which is a condominium parcel as set forth under Florida Statute §718.506(1).

100. Florida Statute 718.506(1) reads in pertinent part:

**718.506 Publication of false and misleading information.**

> (1) Any person who, in reasonable reliance upon any material statement or information that is false or misleading and published by or under authority from the developer in advertising and promotional materials, including, but not limited to, a prospectus, the items required as exhibits to a prospectus, brochures, and newspaper advertising, pays anything of value toward the purchase of a condominium parcel located in this state shall have a cause of action to rescind the contract or collect damages from the developer for his or her loss prior to the closing of the transaction.

101. The Plaintiff(s) incorporates by reference and reaffirms and fully alleges Counts I, III, V, and XII.



Jonathan Kline, P.A. ● Attorney at Law
2761 Executive Park Drive ● Weston, Florida 33331 ● TEL (954) 659-1919 ● FAX (954) 659-9937

102. The Developer failed to build the Unit and failed to adhere to the their promises, statements, disclosures, plans, specifications, and or drawings as set forth in the contract for purchase and sale, Prospectus, Property Report, or offering circular and all related provisions under Florida Statue §718.504 and therefore violated Florida Statute §718.506 .

WHEREFORE, Plaintiffs respectfully request the following relief:

a. a judgment requiring the Developer to return their earnest money deposit and interest, court costs, reasonable amounts for attorneys' fees and costs under the terms and conditions of the contracts, Florida Statute §718.506(2), and Florida Statute §57.105 against the Developer;
b. rescission of the contracts attached as Exhibits 1 and 2 and that their duties and or obligations be discharged under the terms and conditions of their contract and any addenda thereof; and
c. such other relief as this Court deems proper.

**COUNT VII**
**DECLARATORY JUDGMENT**
**VIOLATION OF FLORIDA STATUTE §849.091(2) - PYRAMID SALES SCHEME**

The Plaintiffs, reaffirm and re-allege paragraphs 1-39 as set forth above.

103. This is an action for declaratory judgment pursuant to 28 U.S.C. §2201 of an actual substantial justiciable controversy as set forth in this Complaint. Plaintiffs seek judgment that the contract is void or voidable because said contract violates Florida Statute §849.091(2).

104. The contracts attached as Exhibits 1 and 2 was part of a "pyramid sales scheme" in violation of Florida Statute §849.091(2).

105. Florida Statute §849.091(2) reads in pertinent part:

> (2) A "pyramid sales scheme," which is any sales or marketing plan or operation whereby a person pays a consideration of any kind, or makes an



**Jonathan Kline, P.A. ● Attorney at Law**
**2761 Executive Park Drive ● Weston, Florida 33331 ● TEL (954) 659-1919 ● FAX (954) 659-9937**

> investment of any kind, in excess of $100 and acquires the opportunity to receive a benefit or thing of value which is not primarily contingent on the volume or quantity of goods, services, or other property sold in bona fide sales to consumers, and which is related to the inducement of additional persons, by himself or herself or others, regardless of number, to participate in the same sales or marketing plan or operation, is hereby declared to be a lottery, and whoever shall participate in any such lottery by becoming a member of or affiliating with, any such group or organization or who shall solicit any person for membership or affiliation in any such group or organization commits a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083. For purposes of this subsection, the term "consideration" and the term "investment" do not include the purchase of goods or services furnished at cost for use in making sales, but not for resale, or time and effort spent in the pursuit of sales or recruiting activities.

106. The Plaintiffs were required to make an investment of a "deposit" in which they acquired the opportunity to receive a benefit or thing of value as stated as a Unit under the sale and purchase agreements attached as Exhibits 1 and 2.

107. This thing of value which is the Unit is not primarily contingent on the volume or quantity of goods, services, or other property sold in bona fide sales to consumers under Florida Statute §849.091(2).

108. The Plaintiffs, Buyers, acquired the opportunity to receive the Unit which is the benefit or thing of value and which is related to the inducement of additional persons by others under Florida Statute §849.091(2).

109. The Developer, not the Plaintiffs, induced additional persons to buy other units in the building where the Buyer's Unit is located as set forth under the sale and purchase agreement attached as Exhibits 1 and 2.

110. The Plaintiffs acquired the opportunity to receive the Unit which is the benefit or thing of value under Florida Statute §849.091(2) regardless of the number of others that participated in the same sales or marketing plan or operation.



**Jonathan Kline, P.A. ● Attorney at Law**
**2761 Executive Park Drive ● Weston, Florida 33331 ● TEL (954) 659-1919 ● FAX (954) 659-9937**

111. The sales and purchase agreements attached as Exhibits 1 and 2 under paragraph 28 called for the requirements of presales of units in the Condominium that may be established by the Lender.

112. Under paragraph 28 the Developer had a right in the Developer's sole discretion to cancel the agreement and cause the Buyer's deposit to be refunded in the event that the Developer does not meet the requirements for presales of units in the Condominium that may be established by the Lender providing construction financing for the development of the Condominium.

113. The Plaintiff's opportunity was related and contingent upon the Developer inducing other persons to participate in the same "sales or marketing plan".

114. The Developer offered a resale program to perpetuate the "sales or marketing plan" under Florida Statute §849.091(2).

115. Without the Buyer's knowledge, the Developer under paragraph 28 induced other buyers to make an investment and obligate themselves under a contract for sale and purchase for a Unit thereby violating Florida Statute §849.091(2), a misdemeanor of the first degree and thus would render the agreement attached as Exhibits 1 and 2 void.

116. The Developer in their "pyramid sales scheme" raised prices thereby causing artificially inflated pricing which adversely affected the Buyers and all other buyers under contract and all future prospective buyers.

WHEREFORE, Plaintiffs respectfully request the following relief:

a. a judgment requiring the Developer and Individuals to return their earnest money deposit and interest, court costs, reasonable amounts for attorneys' fees and costs under the terms and conditions of the contracts, Florida Statute §718.506(2), and Florida Statute §57.105;



**Jonathan Kline, P.A. ● Attorney at Law**
**2761 Executive Park Drive ● Weston, Florida 33331 ● TEL (954) 659-1919 ● FAX (954) 659-9937**

b. a judgment declaring that the contracts attached as Exhibits 1 and 2 are void and rescinding the contracts;

c. rescission of the contracts attached as Exhibits 1 and 2 and that their duties and or obligations be discharged under the terms and conditions of their contract and any addenda thereof;

d. such other relief as this Court deems proper.

**COUNT VIII**
**BILL OF DISCOVERY – IMPROPER USE OF ESCROW FUNDS**

The Plaintiffs, reaffirm and re-allege paragraphs 1-39 as set forth above.

117. The contracts between the Plaintiffs and Developer provides that the Developer may utilize the amount of the deposits paid in excess of 10% of the purchase price for construction purposes.

118. Florida Statute §718.202(3) provides that if the Developer uses any of the deposit money for the purposes other than construction purposes such as salaries, commissions, or expenses of salespersons or for advertising purposes that Plaintiffs are entitled to the return of the deposit together with interest.

119. Pursuant to Florida Statute §718.202(3), the Plaintiffs have the right to the return of their deposit plus interest in the event that the Developer used any of the deposit money for non-construction purposes.

120. The only way for the Plaintiffs to determine if the deposit money was used for a purpose other than construction or was commingled in an account used to pay for anything other than construction is to conduct discovery.


**Jonathan Kline, P.A. ● Attorney at Law**
**2761 Executive Park Drive ● Weston, Florida 33331 ● TEL (954) 659-1919 ● FAX (954) 659-9937**

121. The Plaintiffs have a good faith belief that the Developer may have co-mingled the deposit money into accounts used for both construction and the payment of non-construction expenses such as salaries, commissions, advertising or other non-construction uses or purposes.

WHEREFORE, the Plaintiffs, includes this count against the Developer in order to pursue its discovery rights and reserves the right to seek a court approved amendment of the complaint should the discovery reveal, as expected, that the escrow deposits were improperly used in violation of the Florida Statutes.

## COUNT IX
## CONSTRUCTIVE TRUST, VENDEES LIEN, AND EQUITABLE LIEN

The Plaintiffs, reaffirm and re-allege paragraphs 1-39 as set forth above.

122. Plaintiff's deposit money was obtained pursuant to void, voidable, illegal, and or validly revoked contracts.

123. Some and or all of the Plaintiff's deposit in excess of 10% was used to construct the unit, condominium, condominium parcel, and or the condominium property.

124. Plaintiffs are entitled to the return of their earnest money deposit based on Defendants violations of ILSFDA and the other Counts as set forth in this complaint as alleged above.

125. Defendants have refused to return the earnest money deposit to Plaintiffs.

126. Because the Plaintiffs did not receive the return of their earnest money deposit, they continue to have an equitable interest in the Units, an undivided interest of the common areas of the condominium known as 1060 Brickell, A Condominium, condominium parcel, and condominium property as described in the attached Exhibit 3, and the escrow deposits being held by Escrow Agent.



**Jonathan Kline, P.A. ● Attorney at Law**
**2761 Executive Park Drive ● Weston, Florida 33331 ● TEL (954) 659-1919 ● FAX (954) 659-9937**

127. Plaintiffs own and hold an equitable lien on the Units and the escrow deposits being held by Escrow Agent.

128. Plaintiffs have recorded or will soon be recording a *lis pendens* to secure their earnest money deposit and equitable interest in the Units, an undivided interest of the common areas of the condominium known as the Avenue, A Condominium, condominium parcel, and condominium property as described in the attached Exhibit 3.

129. Plaintiffs are entitled to a constructive trust against Escrow Agent and an equitable or vendee's lien imposed against the Units, condominium, condominium parcel, and the condominium property for the amounts of their deposit used to construct the building and improve the condominium parcel, attorneys fees, court costs, relief under the ILSFDA and for prejudgment interest at the legal rate.

WHEREFORE, Plaintiffs respectfully request the following relief:

a. a judgment and imposition by this court establishing an equitable lien and or vendees lien against the Units, condominium, condominium parcel, and the condominium property for the amounts of the deposit used to construct the building, attorneys fees, court costs, relief under the ILSFDA, and for prejudgment interest at the legal rate against the Developer;
b. such other relief as this Court deems proper.

**COUNT X**
**DECLARATORY JUDGMENT – CONTRACT VIOLATES STATUTE OF FRAUDS**

The Plaintiffs, reaffirm and re-allege paragraphs 1-39 as set forth above.

130. This is an action for declaratory judgment pursuant to 28 U.S.C. §2201 of an actual substantial justiciable controversy as set forth in this Complaint. Plaintiff seeks judgment that the contract is void or voidable because said contract violates Florida Statute §725.01.



**Jonathan Kline, P.A. ● Attorney at Law**
**2761 Executive Park Drive ● Weston, Florida 33331 ● TEL (954) 659-1919 ● FAX (954) 659-9937**

131. At the time the sale and purchase agreement attached as Exhibits 1 and 2 was entered into between the Plaintiffs and Developer the condominium declaration was not recorded and the condominium therefore did not legally exist.

132. The sale and purchase agreement attached as Exhibits 1 and 2 did not contain a legal description of the property in recordable form sufficient for the property being purchased by the Plaintiffs to be identified to fulfill the requirements of Florida Statute §725.01.

133. The sale and purchase agreement attached as Exhibits 1 and 2 are unenforceable as a result of the statute of frauds as set forth in Florida Statute §725.01 and the Plaintiffs are entitled to the return of their deposits.

WHEREFORE, Plaintiffs respectfully request the following relief:

a. a judgment requiring the Developer to return their earnest money deposit and interest, court costs, reasonable amounts for attorneys' fees and costs under the terms and conditions of the contracts and Florida Statute §57.105;
b. a judgment declaring that the contracts attached as Exhibits 1 and 2 are void and rescinding the contracts;
c. rescission of the contracts attached as Exhibits 1 and 2 and that their duties and or obligations be discharged under the terms and conditions of their contract and any addenda thereof; and
d. such other relief as this Court deems proper.



**Jonathan Kline, P.A. ● Attorney at Law**
**2761 Executive Park Drive ● Weston, Florida 33331 ● TEL (954) 659-1919 ● FAX (954) 659-9937**

## COUNT XI
## DECLARATORY JUDGMENT
## THERE IS NO ENFORCEABLE CONTRACT

The Plaintiffs, reaffirm and re-allege paragraphs 1-39 as set forth above.

134. This is an action for declaratory judgment pursuant to 28 U.S.C. §2201 of an actual substantial justiciable controversy as set forth in this Complaint.

135. Plaintiff seeks judgment that the contract is void or voidable because said contract fails for indefiniteness and the developer's obligation under the contract illusory.

136. The sale and purchase agreement signed by the Plaintiffs contain specific provisions allowing for a deviation of the Developers plans and specifications.

137. Paragraphs 14 and 15 to Contract for Purchase and Sale attached as Exhibits 1 and 2 give the developer such broad discretion to make changes in the condominium and units that for all intents and purposes, the contract does not provide a sufficient description of what the end product is and what the Plaintiffs will be receiving to make the contract enforceable.

138. A contract fails for indefiniteness where the promises and performance to be rendered by a party to the contract are not reasonably certain.

139. The promises and performance to be rendered by the developer under the contracts are not reasonably certain as the Developer reserved such a broad discretion to make changes to the product being sold that it cannot be said that the contract is reasonably certain as to the developer's obligation to perform.

140. Because the Developer has such a broad range of discretion to change what the Plaintiffs are getting under the contract, the Plaintiffs do not know what the Plaintiffs are ultimately getting under the contract.

141. Therefore, there is no meeting of the minds sufficient for a binding contract to exist.



**Jonathan Kline, P.A. ● Attorney at Law**
**2761 Executive Park Drive ● Weston, Florida 33331 ● TEL (954) 659-1919 ● FAX (954) 659-9937**

142. As a result of the Developer's broad discretion to make changes to the product being sold, the product being sold is not definite enough to form the basis for a contract and the contract therefore fails for indefiniteness.

143. The Developer's discretion to make changes to the product being sold is so broad as to make the Developer's obligation under the contract illusory.

144. To further emphasize the point, the Plaintiffs could not enforce the contract by specific performance where the contract is susceptible to such vast and extreme changes at the discretion of the Developer.

145. As a result of this extreme and vast discretion of the Developer to make changes to the end product that is being sold, it would be impossible for the Plaintiffs to be able to sue to recover damages for a breach by the developer. If for example, the Developer's failure to complete construction of the condominium, there would be no way for the Plaintiffs to ascertain the amount of the damages since it would be impossible to predict what the end product would be that the Plaintiffs failed to receive.

146. The law is clear that where there is an insufficient description of the quantity and or other material characteristics of the product being sold, the contract for the sale of that product is unenforceable as being insufficient as a matter of law.

147. Because the Developer's discretion to make changes to the condominium are so broad, it would be unconscionable for the Developer to have the right to enforce the contract against Plaintiffs.

148. The Developer's right to cancel the contract unilaterally during the presale period also makes the Developer's obligation to build the condominium illusory.



**Jonathan Kline, P.A. ● Attorney at Law**
**2761 Executive Park Drive ● Weston, Florida 33331 ● TEL (954) 659-1919 ● FAX (954) 659-9937**

149. Because the Developer's right to cancel the contract during the presale period is unilateral and is not also provided to the plaintiff, the contract fails for lack of mutuality of obligation.

WHEREFORE, Plaintiffs respectfully request the following relief:

a. a judgment requiring the Developer to return their earnest money deposit and interest, court costs, reasonable amounts for attorneys' fees and costs under the terms and conditions of the contracts, and Florida Statute §57.105 against all Defendants; a judgment declaring that the contracts attached as Exhibits 1 and 2 are void and rescinding the contracts because the contracts fail for (1) indefiniteness, (2) lack of meeting of the minds, (3) illusory obligation, (4) lack of mutuality of obligation and remedy and (5) unconscionablility;
b. rescission of the contracts attached as Exhibits 1 and 2 and that their duties and or obligations be discharged under the terms and conditions of their contract and any addenda thereof, against the Developer; and
c. such other relief as this Court deems proper.

**COUNT XII**
**FRAUD IN THE INDUCEMENT**

The Plaintiffs, reaffirm and re-allege paragraphs 1-39 as set forth above.

150. Seller disclosed to the Plaintiff(s) that the Unit was going to be built within two (2) years from the date of execution of the contract. Said date for completion would have been March 16, 2007.

151. The Plaintiff(s) relied on the Developer's misrepresentation of this material fact.

152. The Plaintiff(s) have suffered damages from the Developer's misrepresentations as stated above.



**Jonathan Kline, P.A. ● Attorney at Law**
**2761 Executive Park Drive ● Weston, Florida 33331 ● TEL (954) 659-1919 ● FAX (954) 659-9937**

153. The seller failed to deliver the Unit on or before March 16, 2007.

WHEREFORE, Plaintiff(s) respectfully request the following relief:

a. a judgment requiring the Developer to return their earnest money deposit and interest, court costs, reasonable amounts for attorneys' fees and costs under the terms and conditions of the contracts, and Florida Statute §57.105;

b. rescission of the contracts attached as Exhibit(s) 1 and 2 and that their duties and or obligations be discharged under the terms and conditions of their contract and any addenda thereof, against the Developer; and

c. such other relief as this Court deems proper against Developer.

**COUNT XIII**
**VIOLATION OF SECTION 8-18 OF THE MIAMI-DADE COUNTY BUILDING CODE**

The Plaintiffs, reaffirm and re-allege paragraphs 1-39 as set forth above.

154. Section 8-18 of the Miami-Dade County Building Code states:

> In any contract for the sale to the original purchaser(s) of any new structure in Miami-Dade County, which structure was erected pursuant to the professional certification of plans and inspections by architects and engineers who have been privately retained by the owner and applicant for permits pursuant to state law as incorporated in Section 2-1265 of the Code of Miami-Dade County, the seller shall include in the contract, or in an Addendum to the contract that has been separately signed and acknowledged by the purchaser at closing, a disclosure in not less than ten-point bold-face type:
>
> **THIS STRUCTURE (HAS BEEN OR WILL BE) BUILT IN COMPLIANCE WITH THE FLORIDA BUILDING CODE AS DETERMINED BY STATE LICENSED AND REGISTERED ARCHITECTS AND ENGINEERS PRIVATELY HIRED BY THE OWNER AND APPLICANT FOR PERMITS TO PERFORM CERTIFICATION OF PLANS AND INSPECTIONS AS PROVIDED UNDER THE PROFESSIONAL CERTIFICATION PROGRAM ESTABLISHED UNDER STATE LAW. THE NAME, ADDRESS, TELEPHONE NUMBER, AND STATE LICENSE NUMBER OF EITHER EACH INDIVIDUAL THAT IS WORKING ON HIS/HER OWN AS AN INDEPENDENT ARCHITECT OR ENGINEER OR**



**Jonathan Kline, P.A. ● Attorney at Law**
**2761 Executive Park Drive ● Weston, Florida 33331 ● TEL (954) 659-1919 ● FAX (954) 659-9937**

> **THE PRINCIPAL OF THE COMPANY THAT IS USED TO EXAMINE PLANS AND INSPECT THIS STRUCTURE; ARE AS FOLLOWS:**
>
> If it is not known at the time the initial contract for sale is signed whether the owner and applicant for permits will use a privately hired architect or engineer, the Seller shall disclose the option to use such privately hired architects and engineers in the contract.
> Once the Seller has retained a private architect or engineer, the Seller shall inform the buyer, by certified mail, return receipt requested, in not less than ten-point bold face type, that the owner and applicant for permits has retained a private architect or engineer to certify building plans and perform required inspections of the structure for compliance with the building code. This disclosure form shall at a minimum, include the name, address, telephone number and state license number of either each individual that is working on his/her own as an independent architect or engineer or the principal of the company that is used to examine plans and inspect the structure.
> Violations of this Section shall be subject to the penalties set forth in Section 8-17 above.
> (Ord. No. 01-219, § 1, 12-18-01)

155. The contract for purchase and sale attached as Exhibit 1 never contained the required language pursuant to Section 8-18 of the Miami-Dade County Building Code.

156. Section 8-17(a) of the Miami-Dade County Building Code states:

> Any person, firm or corporation who shall violate a provision of the Building Code or fail to comply therewith, or with any of the requirements thereof, shall be guilty of a misdemeanor.

157. Section 8-17(b) of the Miami-Dade County Building Code allows for the imposition of equitable relief and attorney fees, for the violation of Section 8-18.

158. Section 8-17(b)(3) of the Miami-Dade County Building Code states, “All the judicial and administrative remedies in this Section are independent and cumulative”.

159. The contract attached as Exhibit 1 causes, allows, requires, necessitates, requires, and involves the Developer(s) to perpetrate and or commit a misdemeanor under Section 8-18 of the



**Jonathan Kline, P.A. ● Attorney at Law**
**2761 Executive Park Drive ● Weston, Florida 33331 ● TEL (954) 659-1919 ● FAX (954) 659-9937**

Miami-Dade County Building Code and therefore this contract is void and illegal under Florida Law.

WHEREFORE, Plaintiff(s) respectfully request the following relief:

a. a judgment requiring the Developer to return their earnest money deposit and interest, court costs, reasonable amounts for attorneys' fees and costs under the terms and conditions of the contract(s), Florida Statute Section 8-17(b) of the Miami-Dade County Building Code, and Florida Statute §57.105;
b. a judgment declaring that the contract(s) attached as Exhibit 1 are void and rescinding the contract(s);
c. rescission of the contract(s) attached as Exhibit 1 and that their duties and or obligations be discharged under the terms and conditions of their contract(s) and any addenda thereof, against the Developer(s); and
d. such other relief as this Court deems proper against the Develeoper(s).

**COUNT XIV**
**VIOLATION OF FLORIDA STATUTE §720.401**

The Plaintiff(s), reaffirm and re-alleges paragraphs 1-39 as set forth above.

160. Under Florida Statute §720.401 the Seller of real property which is subject to or located in a Homeowners Association or subject to Association membership is required to disclose specific items in a "disclosure summary".

161. The Developer(s) failed to comply with the Florida Statute §720.401 disclosure requirements.

162. Under Florida Statute §720.401(c) the perspective purchaser may void their contract if the Seller violates Florida Statute §720.401.

WHEREFORE, Plaintiff(s) respectfully request the following relief:



**Jonathan Kline, P.A. ● Attorney at Law**
**2761 Executive Park Drive ● Weston, Florida 33331 ● TEL (954) 659-1919 ● FAX (954) 659-9937**

a. a judgment requiring the Developer to return their earnest money deposit and interest, court costs, reasonable amounts for attorneys' fees and costs under the terms and conditions of the contract and Florida Statute §57.105;

b. rescission of the contract attached as Exhibits 1 and 2 and that their duties and or obligations be discharged under the terms and conditions of their contract and any addenda thereof, against the Developer; and

c. such other relief as this Court deems proper.

**DEMAND FOR JURY TRIAL**

The Plaintiffs, demand a jury trial for all counts in this action.

Respectfully submitted,

JONATHAN KLINE, P.A.
Attorney for Plaintiff
2761 Executive Park Drive
Weston, FL 33331
Telephone: (954) 659-1919
Facsimile: (954) 659-9937
E-mail address: Jonathan.Kline@JKLawFL.com

By:s/Jonathan H. Kline
Jonathan Kline
Florida Bar No.: 6902

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served via electronic mail through the CM/ECF system this 11th day of June, 2008 upon Bernard L. Egozi, Esq., Egozi & Bennett, P.A., (Counsel for Defendant), 2999 NE 191st Street, Suite 407, Aventura, FL 33180.

JONATHAN KLINE, P.A.
Attorney for Plaintiff
2761 Executive Park Drive
Weston, FL 33331
Telephone: (954) 659-1919
Facsimile: (954) 659-9937
E-mail address: Jonathan.Kline@JKLawFL.com

s/Jonathan H. Kline
By: Jonathan Kline
Florida Bar No.: 6902