**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO.: 08-20458-CIV-HUCK/O'SULLIVAN**

ADRIANA PARAMO and
ABRAHAM CASALLAS,

Plaintiffs,




vs.


IMICO BRICKELL, LLC, a Delaware limited liability company, GARY BARNETT, MARC KWESTEL, MOSHE SPITZER, and HENRY TERECH,

Defendants.

_______________________________/

**OMNIBUS ORDER ON DEFENDANTS' MOTIONS TO DISMISS PLAINTIFFS' THIRD AMENDED COMPLAINT**

THIS CAUSE comes before the Court upon the following Motions:

1) Defendants Gary Barnett, Marc Kwestel, Moshe Spitzer, Henry Terech's Motion to Dismiss the Second Amended Complaint, filed July 31, 2008 (D.E. #53);[1]

2) Defendant Imico Brickell, LLC's Motion to Dismiss the Third Amended Complaint, filed August 26, 2008 (D.E. #63).

## I. PROCEDURAL BACKGROUND

Plaintiffs filed their initial complaint in this matter on February 21, 2008 (D.E. #1). On March 21, 2008, Defendant IMICO Brickell ("IMICO") filed a Motion to Dismiss or for More Definite Statement. In that Motion, IMICO argued that Plaintiffs', in Count I, failed to specify which section or sections of the Interstate Land Sales Full Disclosure Act ("ILSFDA") IMICO allegedly violated; contending that Counts II and III were duplicative of each other; and complaining that Plaintiffs had failed to plead their fraud claims with the required specificity (D.E. #6). On April 14, 2008, Plaintiffs moved this Court for an extension of time in which to

---

[1]As explained below, although originally filed against the Plaintiffs' Second Amended Complaint, the same arguments were adopted as to the Third Amended Complaint.

respond to IMICO's Motion to Dismiss or for More Definite Statement (D.E. #8), which this Court granted (D.E. #9). Plaintiffs filed their First Amended Complaint on April 18, 2008 (D.E. #30). In their Amended Complaint, Plaintiffs added several new defendant parties to this action, and increased their counts against the various defendants from eleven to twelve. In light of Plaintiffs filing their First Amended Complaint, this Court denied as moot IMICO's outstanding Motion to Dismiss or for More Definite Statement (D.E. #32).

On May 12, 2008, IMICO filled its second Motion to Dismiss or for More Definite Statement directed at Plaintiffs' First Amended Complaint (D.E. #42). Also, defendants Moshe Spitzer, Henry Terech, Gary Barnett, and Marc Kwestel (the "Individual Defendants") filed a joint Motion to Dismiss the First Amended Complaint on May 21, 2008 (D.E. #41). Plaintiffs again filed a motion for extension of time in which to respond to the defendants' motions (D.E. #43), which this Court granted in part, giving Plaintiffs not until the requested date of June 11, 2008 to respond, but rather until June 4, 2008 (D.E. #44). Plaintiffs ultimately responded, not by June 4th as instructed by this Court, but on June 11th—the date they had originally asked for as an extension in their Motion for Enlargement of Time (D.E. #43).

In response to the various defendants' motions to dismiss, Plaintiffs sought leave of this Court to file a Second Amended Complaint (D.E. #45). In direct response to IMICO's Motion to Dismiss or for More Definite Statement, Plaintiffs stated that the Second Amended Complaint "provided a more definite statement as set forth in the First Amended Complaint" (much in the same way they argued that the First Amended Complaint provided a more definite statement than set forth in their initial complaint) (D.E. #46). Additionally, Plaintiffs stated that, instead of pleading any claims for fraud that required pleading with specificity, as was argued by IMICO, Plaintiffs had "scaled back its allegations of fraud and [had] categorized those same alleged acts as 'prohibited activities' under 15 U.S. §1703(a)(1) which are not required to plead with specificity." *Id.* In response to the Individual Defendants' motion to dismiss, Plaintiffs stated that "more definite statements were appended to all the allegations of fraud," (unlike in their response to IMICO where they stated that these very same fraud claims were now categorized as "prohibited activities") (D.E. #47). Also, the Second Amended Complaint added two more counts against the various defendants.

This Court, wanting to give Plaintiffs ample opportunity to properly plead their claims, allowed Plaintiffs leave to file their Second Amended Complaint. This Court, again, denied as moot IMICO's Motion to Dismiss or for More Definite Statement as well as the Individual Defendants' Motion to Dismiss in light of Plaintiffs' newly amended complaint (D.E. #48).

On July 31, 2008 and August 1, 2008, respectively, the Individual Defendants and IMICO Brickell filed another round of motions to dismiss, this time against Plaintiffs' third attempt at fashioning a viable complaint (D.E. #53, 54). On August 18, 2008, Plaintiffs' once again filed a Motion for Enlargement of Time to respond to the Individual Plaintiffs' Motion to Dismiss (D.E. #55). Again, as was Plaintiffs' practice, they filed another Motion to Amend—making this attempt the fourth amendment of their complaint (D.E. #56). Plaintiffs failed to directly respond to IMICO's Motion to Dismiss, rather they titled the docket entry when filing their proposed Third Amended Complaint: "RESPONSE to Motion re 54 MOTION to Dismiss 45 Plaintiff's MOTION to Amend/Correct Second Amended Complaint Second Amended Complaint filed by Imico Brickell, LLC" (D.E. #57).

This Court scheduled a hearing on August 20, 2008 to discuss Plaintiffs' latest request to amend their complaint and the lack of response to IMICO's Motion to Dismiss. At that hearing, Plaintiffs' counsel did not appear ready to discuss the merits of allowing yet another amendment of Plaintiffs' complaint, so this Court scheduled another hearing the following day. At that hearing, counsel for the Individual Defendants and IMICO argued that the proposed Third Amended Complaint did nothing to correct the issues raised in the pending motions to dismiss. Counsel for Plaintiffs contended that the Third Amended Complaint had changes that addressed IMCO's concerns raised in its Motion to Dismiss, but that the claims against the Individual Defendants were not materially affected by the changes in the Plaintiffs' latest amendment.[2]

Again, wanting to give Plaintiffs ample opportunity to properly plead their claims, this Court issued an order granting Plaintiffs leave to file their Third Amended Complaint (D.E. #61).

---

[2]At the August 21, 2008 hearing, this Court also questioned Plaintiffs' Counsel as to why some additional named defendants, added some fourth month earlier in the Second Amended Complaint, had yet to be served. Plaintiffs provided this Court with no good excuse for the delay, and those parties were subsequently dismissed from this action without prejudice by this Court's Order signed August 26, 2008 (D.E. #64).

The order specified that the Individual Defendants' Motion to Dismiss—originally raised against the Second Amended Complain—would stand as if raised against the Third Amended Complaint. *Id.* Additionally, IMICO was instructed to revise its latest Motion to Dismiss in light of any changes it considered material in the Third Amended Complaint, with Plaintiffs given certain dates by which to respond. *Id.*

The parties have now submitted their motions and responses, making the issues raised ripe for adjudication.

## II. THE FACTS AS ALLEGED IN THE THIRD AMENDED COMPLAINT:[3]

The core of Plaintiffs' general allegations in their Third Amended Complaint are simply these: On February 25, 2005, Plaintiff Paramo executed a contract for the purchase of a condominium unit in a building development called 1060 Brickell. Subsequent to that purchase, on March 16, 2005, both Plaintiffs Casallas and Paramo jointly executed a contract to purchase another condominium unit located in the same 1060 Brickell building. In connection with the purchase of these two units, Plaintiffs made deposits of twenty percent of the units' contract prices ($41,200.00 and $74,000.00 respectively). *See* Third Amnd. Compl. ¶¶ 21-24, 36, 37.

Plaintiffs set out fourteen counts in their Third Amended Complaint. The bulk of Plaintiffs' claims raise state causes of action. However, in Counts I, II, and III, Plaintiffs attempt to plead cognizable causes of action under the Interstate Land Sales Full Disclosure Act, 15 U.S.C § 1701 et seq. In the first paragraph of the Third Amended Complaint, Plaintiffs plead that, because they are seeking relief under this federal statute, "[j]urisdiction is appropriate pursuant to 28 U.S.C. § 1331." Third Amnd. Compl. ¶ 1.

## III. DISCUSSION:

### A. Motion to Dismiss Standard:

In reviewing a motion to dismiss, all well-pled facts in the plaintiff's complaint and all reasonable inferences drawn from those facts must be taken as true. *Jackson v. Okaloosa County, Fla.*, 21 F.3d 1531, 1534 (11th Cir. 1994). Federal Rule of Civil Procedure 8(a)(2)

---

[3] At the motion to dismiss stage, the Court accepts all well-pleaded facts as true, and all reasonable inferences therefrom are construed in the light most favorable to the plaintiffs. *Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1198 n.2 (11th Cir. 2001).

requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are generally not necessary; the statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 335 U.S. 41, 47 (1957)). In this regard, however, a plaintiff must offer "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1965. Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Dismissal is warranted under Rule 12(b)(6) if, assuming the truth of the factual allegations in the plaintiff's complaint, there is a dispositive legal issue which precludes relief. *See, e.g.*, *Marshall County Bd. of Educ. v. Marshall County Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

**B. The Interstate Land Sales Full Disclosure Act:**

Congress enacted the ILSFDA in 1968 "to protect purchasers from unscrupulous sales of undeveloped home sites, frequently involving out-of-state sales of land purportedly suitable for development but actually under water or useful only for grazing." *Winter v. Hollingsworth*, 777 F.2d 1444, 1447 (11th Cir. 1985). The ILSFDA "imposes detailed disclosure requirements upon land developers and prohibits fraud in interstate land transactions." *Armbrister v. Roland Int'l Corp.*, 667 F. Supp. 802, 811 (M.D. Fla. 1987). Section 1709 is the ILSFDA's "Civil Remedies" provision, providing that a purchaser or lessee can bring an action against a developer or agent for violations of section 1703(a), and against a seller or lessor to enforce any right under section 1703's subsections (b), (c), (d), or (e). 15 U.S.C. § 1709.

**C. Plaintiffs' Deficient Pleadings Under the ILSFDA:**

In Plaintiffs' Response to IMICO's Motion to Dismiss the Third Amended Complaint (D.E. #66) and in their Response to the Individual Defendants' Motion to Dismiss the Amended Complaint (D.E. #62), for Counts I, II, and III, Plaintiffs argue that they do not seek rescission of their contracts pursuant to section 1703(c) of the ILSFDA, but instead seek rescission pursuant to the ILSFDA's sections 1702(a)(2), 1703(a)(1), 1703(a)(2)(B), and 1709 (D.E. #66, § I.A; D.E.

#62, § B).[4]

**1. No Cause of Action for Violation of "Exemption" Section 1702**

Section 1702(a) does not create any enforceable right, but is rather a subsection of the "Exemptions" provision of the ILSFDA. Section 1702(a)(2) states that "the provisions of this chapter shall not apply to— the sale or lease of any improved land on which there is a . . . condominium, or the sale or lease of land under a contract obligating the seller or lessor to erect such a building thereon within a period of two years." 15 U.S.C. § 1702(a)(2). Accordingly, if a defendant attempted to argue that she were exempt from complying with the requirements of section 1703 of the ILSFDA, a court would have to look to the exemptions articulated in section 1702 to make that determination. However, section 1702 does not create any affirmative requirements of a party selling or leasing a lot, and does not give rise to a civil cause of action. Plaintiffs can seek relief under the ILSFDA only through section 1709, which, in turn, provides causes of action solely for violations of section 1703. *See Jacobsen v. Woodmoor Corp*, 400 F. Supp. 1, 4 (D. Mo. 1975) ("We cannot impute to Congress an intent to make some rights under the Act enforceable under the remedy provision of Section 1709 and other rights enforceable without any remedy provision whatsoever. . . . The clear import of the Act is that all rights created thereunder are enforceable by the purchaser under Section 1709."); *see also Hall v. Bryce's Mountain Resort, Inc.*, 379 F. Supp. 165, 169 (W.D. Va. 1974) (where the court, when the Secretary of the Department of Housing and Urban Development turned to section 1719 to find a remedy for a violation of the ILSFDA, stated that such an "interpretation strikes the court as being contrary to the clear distinction in the Act between rights, remedies and jurisdiction.").

**2. Failure to Plead an Interstate Nexus Required Under Section 1703**

Plaintiffs attempt to plead violations of sections 1703(a)(1) and 1703(a)(2)(B). Both sections 1703(a)(1) and (a)(2)(B) are subject to the initial proviso of section 1703(a), which states: "It shall be unlawful for any developer or agent, directly or indirectly, *to make use of any*

---

[4]To be more precise, Plaintiffs, in their Response to the Individual Defendants' Motion to Dismiss the Amended Complaint (D.E. #62), argue that the are seeking rescission "pursuant to 15 U.S.C § 1702(a)(c) and 15 U.S.C. § 1703(a)(1)(b) . . . ." The ILSFDA contains no section 1702(a)(c). This Court assumes, therefor, a general reliance on section 1702(a).

*means or instruments of transportation or communication in interstate commerce, or of the mails*—" 15 U.S.C. § 1703(a) (emphasis added). Section 1703(a)(1) prohibits a developer or agent who has used interstate commerce, and is not exempt under any of the provisions in section 1702, from: (A) selling a lot unless a statement of record is in effect; (B) selling a lot unless a printed property report is provided to the lot purchaser in advance of signing the purchase agreement; (C) selling a lot where either the property report or statement of record contains an untrue statement of material fact or omits a material fact required to be stated therein; or (D) displaying or delivering to prospective purchasers advertising or promotional material which is inconsistent with information required to be disclosed in the property report. 15 U.S.C. § 1703(a)(1). Section 1703(a)(2)(B) prohibits a developer or agent who has used interstate commerce, and is not exempt under any of the provisions in section 1702, when selling lots or offering lots for sale, from obtaining money or property through untrue statements of material facts or omitting material information making any statements misleading. 15 U.S.C § 1703(a)(2)(B).

Crucial to maintaining an action under the ILSFDA is the requirement that a "developer or agent, directly or indirectly, [makes] use of any means or instruments of transportation or communication in interstate commerce, or of the mails" when violating the provisions of section 1703. 15 U.S.C § 1703(a). Not only is this an element that plaintiffs must prove to succeed in an action under the ILSFDA, but it is required for this Court to exercise jurisdiction under the statute. *See Bongratz v. WL Belvidere, Inc.*, 416 F. Supp. 27, 30 (N.D. Ill. 1976) (stating that dismissal was proper where a complaint raising violations of the ILSFDA failed to properly allege the required use of any means or instruments of interstate commerce or the mails in the alleged transaction); *see also Happy Inv. Group v. Lakeworld Properties, Inc.*, 396 F. Supp. 175, 187 (N.D. Cal. 1975) (plaintiff bears the burden of showing that interstate commerce was used in violation of the ILSFDA when jurisdiction questioned).

In *Flint Ridge Development Co. v. Scenic Rivers Ass'n of Oklahoma*, 426 U.S. 776, 778 (1976), the United States Supreme Court recognized that the ILSFDA "is based on the full disclosure provisions and philosophy of the Securities Act of 1933." *See also Paquin v. Four Seasons of Tennessee, Inc.*, 519 F.2d 1105, 1109 (5th Cir. 1975) ("The [ILSFDA] closely

parallels the philosophy and approach of the Securities Act of 1933."). Several provisions of the Securities Act of 1933 condition violations on the "use of any means or instruments of transportation or communication in interstate commerce or of the mails" when one carries out certain proscribed activities. *See, e.g.,* 15 U.S.C. § 77e; 15 U.S.C. 77q. Similarly, the Securities Exchange Act of 1934 also conditions violations on the use of interstate commerce, by stating that it "shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce or of the mails . . ." when undertaking certain prohibited activities. *See* 15 U.S.C. § 78j. Accordingly, when this Court was confronted with a claim brought under the Securities Exchange Act of 1934, this Court held that "federal jurisdiction depends on the 'use of any means or instrumentality of interstate commerce or of the mails, or of any facility of any national securities exchange.'" *Scaturro v. Seminole Cas. Ins. Co.,* 542 F. Supp. 2d 1290, 1298 (S.D. Fla. 2008) (quoting *Woodward v. Metro Bank of Dallas*, 522 F.2d 84, 93 (5th Cir.1975)).

In *Scaturro*, much the same as the case here, the defendants pointed out that the plaintiffs failed to properly allege that the defendants used any means or instrumentality of interstate commerce or the mails. 542 F. Supp. 2d at 1298. This Court determined that the plaintiffs' failure to allege the required "interstate nexus" was fatal to their security fraud claim. *Id.* Here, both IMICO and the Individual Defendants argue that Plaintiffs failed to plead the required interstate nexus under the ILSFDA. Plaintiffs counter that they have made the required allegation by directing this Court to paragraph 41 of their Third Amended Complaint.

Paragraph 41 of the Third Amended Complaint states in its entirety:

> Pursuant to the Interstate Land Sales Full Disclosure Act, the Developer, Agent(s), and Individuals are prohibited from making use of any means of instruments of transportation or communications and interstate commerce, or the mails in connection with the sale of any real property unless a printed property report meeting the requirements of ILSFDA is furnished to a purchaser in advance of the signing of the contract or agreement for sale by the purchaser. Plaintiffs allege that the Developer, Agent(s), and Individuals violated the ILSFDA in a manner consistent with this paragraphs requirements under the ILSFDA.

To further support their pleading of this element, Plaintiffs also direct this Court to paragraph 63 of their Third Amended Complaint. Paragraph 63, however, is not an allegation at all, but simply

a direct quotation of 15 U.S.C. § 1703(a)(1).

As stated above, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" *requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do*." *Twombly*, 127 S. Ct. at 1965 (internal citations omitted) (emphasis added). Additionally, this Court need not accept "as true any legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Paragraphs 41 and 63 of Plaintiffs' Third Amended Complaint fall short of the pleading requirement set forth in *Twombly*. In paragraph 41, Plaintiffs merely track the language of 15 U.S.C. § 1703(a)(1)(B), and then state, in a conclusory manner, that "Plaintiffs allege that the Developer, Agent(s), and Individuals violated the ILSFDA in a manner consistent with this paragraphs requirements under the ILSFDA." And, Paragraph 63, as already discussed, is nothing more than a direct quotation of 15 U.S.C. § 1703(a)(1). These two paragraphs are nothing but conclusory and formulaic recitations of the ILSFDA, and cannot serve as the factual allegations needed to support the required interstate nexus in this case.

In fact, Plaintiffs have not offered a single factual allegation with respect to the required interstate nexus, although having four attempts to do so. Plaintiffs fail to allege, for example, that the defendants sent Plaintiffs any solicitation through the mail, faxed or emailed any documents, traveled across state lines, called on the phone, or wired any funds with respect to the sale or lease of the 1060 Brickell properties. Plaintiffs were direct participants in the transactions at issue in this case, as such they are well positioned to know how Defendants communicated with them and what, if any, instrumentalities of interstate commerce may have been used between the parties. While it is true that *detailed* factual allegations are not required under Federal Rule of Civil Procedure 8, the rule "still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 127 S. Ct. at 1965 n.3 (further stating that "without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests."). Plaintiffs need to plead enough facts to support a reasonable expectation that, should this Court allow the case to move past the motion to dismiss stage, the

ensuing discovery will reveal illegal activity by the Defendants. *See id.* Here, Plaintiffs have offered none.

**3. No Leave to Amend for a Fifth Time**

The decision to grant leave to amend is within the sole discretion of the district courts. *See Halliburton & Associates, Inc. v. Henderson, Few & Co.*, 774 F.2d 441, 443 (11th Cir. 1985). This Court is aware that "leave to amend shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). This Court is also aware that a district court need not allow an amendment to a complaint where there has been a "repeated failure to cure deficiencies by amendments previously allowed." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001); *see also Foman v. Davis*, 371 U.S. 178, 182 (U.S. 1962) (listing "repeated failure to cure deficiencies by amendments previously allowed" as a reason not to grant leave to amend). Plaintiffs have had four opportunities to properly plead their ILSFDA claims against the various defendants. Plaintiffs' failure to plead the required interstate nexus is not a newly raised argument in this matter. IMICO raised the issue against the Second Amended Complaint, renewing it in their Motion to Dismiss the Third Amended Complaint. The Individual Defendants raised the same argument against the Second Amended Complaint. Also, as detailed briefly below, Plaintiffs' Third Amended Complaint has other deficiencies that would require at least one, and perhaps more, rounds of amendment.

This Court has been quite liberal to this point in granting Plaintiffs leave to amend their complaint. This Court has been patient and accommodating in this matter, however, under the circumstances, this Court does not find that granting further leave to file a fourth amended complaint is warranted. It is particularly so in this case, where Plaintiffs should have enough knowledge of the transaction they participated in to enable them to plead at least a singular instance of the ILSFDA's required interstate nexus.

Accordingly, Plaintiffs' ILSFDA claims in Counts I, II, and III are dismissed with prejudice.

**D. Additional Pleading Issues**

Even if Plaintiffs were to have properly plead the required interstate nexus under the ILSFDA, Plaintiffs' claims under Counts I and II would still require dismissal.

In Count I, Plaintiffs request rescission of the sales contract under the apparent theory that the various defendants had obligated themselves, under 15 U.S.C. § 1702(a)(2), to complete the condominium project within two years from signing the sales contract. *See* Third Amnd. Compl. ¶¶ 45, 46. As discussed in section III(C)(1), above, 15 U.S.C. § 1702 articulates the "exemptions" to the ILSFDA; it does not give rise to a civil cause of action. Should developers wish to avoid having to comply with the ILSFDA, section 1702 sets out the various exceptions they would be need to fall into to avoid application of the ILSFDA. One of the exceptions is that developers may enter into a contract obligating them to complete a hypothetical project within two years. However, nothing in the ILSFDA makes any failure to comply with an exception in section 1702 actionable. As discussed above in section III(C)(1), section 1709 is the civil liabilities provision of the ILSFDA, and the only provisions of the ILSFDA that give rise to civil liability is section 1703. *See Jacobsen v. Woodmoor Corp*, 400 F. Supp. 1, 4 (D. Mo. 1975); *Hall v. Bryce's Mountain Resort, Inc.*, 379 F. Supp. 165, 169 (W.D. Va. 1974).

Count II is unclear as to its substance, seemingly vacillating between the same claims asserted in Count I, and those claims asserted in Count III. The caption of Count II is "THE DEVELOPER'S OBLIGATION TO COMPLETE CONSTRUCTION WITHIN A TWO YEAR PERIOD WAS ILLUSORY AND OR THE DEVELOPER FAILED TO PROVIDE AN UNCONDITIONAL COMITTMENT [sic] TO DELIVER WITHIN TWO (2) YEARS." Plaintiffs run the risk of confusing readers by captioning their claim in a manner that leads one to believe that they are asking for relief from the same complained of ills of the preceding Count. Although this Court looks beyond the captions and labels in a complaint to the content and substance of the allegations, resort to the substance of Plaintiffs' allegations in Count II does nothing to assits the Court in understanding Count II.

For example, in Count II, paragraph 61 of their complaint, Plaintiffs state: "Specifically the Property Report is deficient under ILSFDA as set forth in Count III of this Complaint and the *Plaintiff alleges reaffirms all paragraphs of Count III as fully set forth herein*." (emphasis added). The Eleventh Circuit has frequently admonished litigants for filing "shotgun

pleadings."[5] *See Bailey ex rel. Estate of Beal v. Janssen Pharmaceutica, Inc.*, 2008 WL 2898214, 3 (11th Cir. 2008) (slip copy). Properly read, Count II does not comprise only the allegations set forth within Count II, but also the entirety of the allegations (including the "wherefore clause") set forth in Count III. Such pleading is not only unhelpful and poorly drafted, but, as admonished by the Eleventh Circuit, should be avoided because "[e]xperience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice." *Anderson v. District Bd. of Trustees of Cent. Florida Community College,* 77 F.3d 364, 367 (11th Cir. 1996).

As plead, Count II is a confusing morass of allegations leaving defendants and this Court only to conjecture as to what is ultimately being claimed. Each of IMICO's first two motions to dismiss also included motions for more definite statements. Each time IMICO raised these motions, Plaintiffs re-plead their complaint, and this Court dismissed IMICO's request as moot. IMICO has since abandoned its request for a more definite statement. However, this Court, were it not dismissing Count II on other grounds, would *sua sponte* dismiss Count II as deficiently plead under the Federal Rules of Civil Procedure. *See Anderson* 77 F.3d at 367 n.5 ("the court, acting *sua sponte*, should have struck the plaintiff's complaint, and the defendants' answer, and instructed plaintiff's counsel to file a more definite statement.").

**E. Supplemental Jurisdiction**

Of the fourteen counts in Plaintiffs' Third Amended Complaint, only three (Counts I, II, and III) raise issues of federal law. This Court is dismissing those counts, leaving only state law claims remaining. While this Court may have authority to exercise supplemental jurisdiction over the remaining state claims,[6] the Court may nevertheless decline to exercise supplemental

---

[5]Although perhaps not as egregious as other "shotgun pleading" cases, the basic form is the same—incorporation of irrelevant facts wholesale into a subsequent count (or, in this case, a preceding count). The result being that, "in ruling on the sufficiency of a claim, the trial court must sift out the irrelevancies, a task that can be quite onerous." *Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002).

[6]This Court's ability to exercise jurisdiction over the state claims is in question. As the federal question claims were dismissed because Plaintiffs failed to allege the required interstate

jurisdiction where, as here, it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367. "When the district court has dismissed all federal claims from a case, there is a strong argument for declining to exercise supplemental jurisdiction over the remaining state law claims." *Arnold v. Tuskegee Univ.*, 212 Fed. Appx. 803, 811 (11th Cir. 2006). This is especially true when the federal claims are dismissed before trial, because considerations of "judicial economy, convenience, fairness, and comity -- will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 349 n.7 (1988).

Plaintiffs make no compelling arguments as to why this Court should retain jurisdiction over the remaining claims. Trial in this matter has not begun. Indeed, Plaintiffs have only just recently proffered their Third Amended Complaint. Judicial economy, convenience, fairness, and certainly comity is best served by dismissing the remaining state claims without prejudice so that Plaintiffs might bring them in state court.

**IV. Conclusion**

For the reasons stated above, it is hereby ORDERED AND ADJUDGED that

1) Defendants Gary Barnett, Marc Kwestel, Moshe Spitzer, Henry Terech's Motion to Dismiss the Second Amended Complaint (D.E. #53) is GRANTED;

2) Defendant Imico Brickell, LLC's Motion to Dismiss the Third Amended Complaint (D.E. #63) is GRANTED.

---

nexus, if no interstate nexus exists, then this court would never have possessed federal subject matter jurisdiction. *See Scarfo v. Ginsberg*, 175 F.3d 957, 962 (11th Cir. 1999) ("The federal courts of appeals, however, have uniformly held that once the district court determines that subject matter jurisdiction over a plaintiff's federal claims does not exist, courts must dismiss a plaintiff's state law claims.").

Counts I, II, and III in Plaintiffs' Third Amended Complaint are DISMISSED WITH PREJUDICE. All other Counts are DISMISSED WITHOUT PREJUDICE. All pending motions are denied as moot. The Clerk shall close this case.

DONE and ORDERED in Chambers at Miami, Florida this September 23, 2008.

Paul C. Huck
United States District Judge

Copies furnished to:
Counsel of Record