UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-20458-CIV-HUCK/O'SULLIVAN

ADRIANA PARAMO and
ABRAHAM CASALLAS,

    Plaintiffs,

vs.

IMICO BRICKELL, LLC, a Delaware
limited liability company, GARY BARNETT,
MARC KWESTEL, MOSHE SPITZER, and
HENRY TERECH,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter came before the Court on the Defendants' Verified Motion for Award of Attorneys' Fees (DE # 76, 10/24/08). This motion was referred to the undersigned United States Magistrate Judge by the Honorable Paul Huck, United States District Court Judge for the Southern District of Florida pursuant to 28 U.S.C. §636(b). Having carefully considered the motion, the response and the reply thereto, the court file and the applicable law, the undersigned recommends that the Defendants' Verified Motion for Award of Attorneys' Fees (DE # 76, 10/24/08) be **GRANTED** as more fully described below.

## BACKGROUND

On February 21, 2008, the plaintiffs filed a complaint in this matter (DE # 1). The plaintiffs filed an Amended Complaint on April 18, 2008, (DE # 30). The defendants filed Motions to Dismiss the Amended Complaint on May 12, 2008, (DE #s

41 and 42).  A second Amended Complaint was filed on June 17, 2008, (DE # 69).  On July 31, 2008, and August 1, 2008, the defendants filed Motions to Dismiss the second amended complaint (DE #s 53 and 54).  On August 26, 2008, the defendant IMICO filed a Motion to Dismiss the third amended complaint (DE # 63).  On September 24, 2008, the Court issued an Order (DE # 75) granting GARY BARNETT, MARC KWESTEL, MOSHE SPITZER, and HENRY TERECH's, Motion to Dismiss the Second Amended Complaint (DE # 53) and IMICO's Motion to Dismiss the Third Amended Complaint (DE # 63).  The Court further Ordered that Counts I, II, and III in the plaintiff's third amended complaint be dismissed with prejudice and that all other counts be dismissed without prejudice.  The clerk was directed to close the case.  On October 24, 2008, the defendants filed the instant motion (DE # 76).  On December 2, 2008, the plaintiffs filed a response (DE # 82) and on December 8, 2008, the defendants filed a reply (DE # 83).

## ANALYSIS

The defendants seeks fees in this case pursuant to the purchase and sale contracts executed between the parties.  Paragraph 12 of one of the purchase and sale contracts, which is attached to the complaint as exhibit 1, provides as follows:

> Litigation In the event of any litigation between the parties under this Agreement, the prevailing party shall be entitled to reasonable attorney's fees and court costs at all trial and appellate levels.  This paragraph shall survive (continue to be effective after) any termination of this Agreement, but shall otherwise be deemed merged into the deed at Closing.

A "prevailing party," is a party in whose favor judgment is rendered.  See Util. Automation 2000, Inc. v. Choctawhatchee Elec. Coop., Inc., 298 F.3d 1238, 1248 (11th

2

Cir. 2002); see also Santana v. Blue Ribbon Meats, Inc., No. 02-21089-CIV, 2003 U.S. Dist. LEXIS 25642, at *5 (S.D. Fla. July 3, 2003).  This means the party who won at the trial level, whether or not that party prevailed on all issues and regardless of the amount of damages awarded.  Choctawhatchee, 298 F.3d at p. 1248.  The defendants prevailed in the present case because on September 24, 2008, the Court issued an Order (DE # 75) granting GARY BARNETT, MARC KWESTEL, MOSHE SPITZER, and HENRY TERECH's, Motion to Dismiss the Second Amended Complaint (DE # 53) and IMICO's Motion to Dismiss the Third Amended Complaint (DE # 63).  The Court further Ordered that Counts I, II, and III in the plaintiff's third amended complaint be dismissed with prejudice and that all other counts be dismissed without prejudice.

**II. Attorney's Fees**

A. Entitlement to Attorney's Fees

The plaintiffs argue that the defendants may not recover attorney's fees in the case at bar because the case was not decided on the merits.  "[U]nder Florida law, a party need not succeed on the merits to be considered a 'prevailing party.'  Instead, dismissal of a plaintiff's action on jurisdictional grounds is sufficient to entitle the defendant to 'prevailing party' status." Kamel v. Kenco/The Oaks at Boca Raton, L.P., 2008 WL 3471594 at *2.  As noted above, the purchase and sale contract provides for the recovery of attorney's fees for the prevailing party.  Accordingly, as the defendants prevailed in the case at bar, the defendants are entitled to receive attorney's fees.

B. Amount of Fee Award

Having determined that the defendants are entitled to an award of attorney's

3

fees incurred in connection with this lawsuit, the undersigned next addresses the appropriate amount of that fee award.  In calculating a reasonable attorney's fee award, the court must consider the number of hours reasonably expended on this litigation, together with the customary fee charged in this community for similar legal services. See Henesley v. Eckerhart, 461 U.S. 424, 103 S.Ct. 1933 (1983); Loranger v. Stierheim, 10 F.3d 776 (11th Cir. 1994).  These two figures are then multiplied together, resulting in a sum commonly referred to as the "lodestar".  Under certain circumstances, the lodestar may be adjusted in order to reach a more appropriate attorney's fee.  See Blum v. Stenson, 465 U.S. 886, 888, 104 S.Ct. 1541, 1544 (1984).

1. Reasonable Hourly Rate

The Court must first evaluate the defendants' requested fee in terms of the appropriate hourly rate.  In order to determine a reasonable and proper fee award, the court must consider the number of hours expended on the case together with the customary hourly fees charged in this community for similar services.  See Norman v. Housing Authority of City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988).  The Supreme Court has held that a reasonable hourly rate is to be measured by "prevailing market rates in the relevant community."  Blum v. Stenson, 465 U.S. 886, 104 S.Ct. 1541 (1984).  In determining the prevailing market rates the Court should consider several factors including "the attorney's customary fee, the skill required to perform the legal services, the attorney's experience, reputation and ability, the time constraints involved, preclusion from other employment, contingency, the undesirability of the case, the attorney's relationship to the client, and awards in similar cases."  Mallory v.

Harkness, 923 F.Supp. 1546, 1555 (S.D. Fla. 1996), citing, Dillard v. City of Elba, 863 F.Supp. 1550, 1552 (M.D.Ala. 1993).

The defendants requests an hourly rate of $275.00.  Generally, acceptable proof of the market rate may be comprised of testimony and direct evidence from other legal practitioners in the relevant legal community who are familiar with the type of legal service provided and the prevailing market rate for such work.  Norman, 836 F.2d at 1299. Furthermore, the court may make a fee award based on its own experience where documentation and testimony is inadequate or the fees claimed seem expanded. Norman, 836 F.2d at 1303 citing Davis v. Board of School Commissioners of Mobile County, 526 F.2d 865, 868 (5th Cir. 1976).  Having considered and weighed the evidence, counsels' reputation and experience in the areas of the applicable law and the Court's familiarity with litigation and attorneys' fees in general, the undersigned finds that the requested hourly rate of $275.00 is reasonable.

### 2. Hours Reasonably Expended

The Court must next evaluate the defendants' requested fee for reasonableness in terms of the total hours expended by defendants' counsel.  The total fee request by the defendants made in the motion is for $22,684.00 in fees.  The defendants support their motion by submitting time records and an affidavit.

The plaintiffs do not oppose any particular hours of attorney work.

This Court must exercise independent judgment when reviewing a claim for hours reasonably expended.  See Norman, 836 F.2d 1292, 1301-02 (11th Cir. 1988).  It is important to keep accurate and current records of work done and time spent on a

case, especially when a third party, i.e., someone other than the client, may pay the bills.  See Hensley, 461 U.S. at 437.  "Attorneys who anticipate making a fee application must maintain contemporaneous, complete and standardized time records which accurately reflect the work done by each attorney."  National Ass'n. of Concerned Veterans v. Secretary of Defense, 675 F.2d 1319, 1327 (D.C. Cir. 1982).  It is necessary for attorneys to identify the subject matter of his/her time expenditures.  Hensley, 461 U.S. at 437.  If there is inadequate documentation or if the court finds a claim for hours to be "excessive or unnecessary", the court may reduce the number of hours for which fees will be awarded.  Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145, 1150 (Fla. 1985); see also Loper v. New York city Police Dep't, 853 F.Supp. 716, 721 (S.D.N.Y. 1994) ("where adequate contemporaneous records have not been kept, the court should not award the full amount requested").

The Court recognizes that the bills submitted in support of the defendants' fees motion reflect a substantial amount of time working on Motions to Dismiss, as three Motions to Dismiss were filed.  The Court notes, however, that the filing of three Motions to Dismiss and the time spent on these motions seems reasonable in light of the fact that the plaintiffs kept amending the complaint.   Accordingly, the undersigned finds the requested fee amount reasonable in this matter.

## **RECOMMENDATION**

For all the foregoing reasons, the undersigned recommends that the Defendants' Verified Motion for Award of Attorneys' Fees (DE # 76, 10/24/08) be GRANTED and the defendants be awarded $22,684.00 in fees.

The parties have ten (10) days from the date of receipt of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable Paul Huck, United States District Court Judge.  Failure to file objections timely shall bar the parties from attacking on appeal the factual findings contained herein.  LoConte v. Dugger, 847 F. 2d 745 (11th Cir. 1988), cert. denied, 488 U.S. 958, 109 S.Ct. 397 (1988); RTC v. Hallmark Builders, Inc., 996 F. 2d 1144, 1149 (11th Cir. 1993).

RESPECTFULLY SUBMITTED at the United States Courthouse, Miami, Florida this 9th day of April, 2009.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
United States District Judge Huck
All counsel of record